# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| GEICO SECURE INSURANCE COMPANY, as subrogee of, MICHAEL M. BROWN, <br><br>   Plaintiff, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>   Defendant. | No. _____ |

## COMPLAINT

Comes now the Plaintiff, GEICO Secure Insurance Company, as subrogee of Michael M. Brown, by and through the undersigned counsel, and for its cause of action against the Defendant, United States of America, would state as follows:

## PARTIES

1. GEICO Secure Insurance Company ("GEICO") is an insurance company authorized to do business in the State of Tennessee and provided a policy of automobile insurance to Michael M. Brown ("Mr. Brown") in effect on the date of the motor vehicle accident giving rise to this Complaint.

2. The Corporation for National and Community Service ("CNCS") is a federal agency of the Defendant United States of America, operating under the name AmeriCorps.

## NATURE OF THIS ACTION

3. This action arises out of a motor vehicle accident on or about October 19, 2022, caused by the negligent operation of a vehicle owned by CNCS. This accident occurred in Davidson County, Nashville, Tennessee.

4. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 *et seq.*, against the Defendant United States of America, for personal property damage sustained by Plaintiff in the subject motor vehicle accident. which vests exclusive subject matter jurisdiction for civil actions against the United States in the district courts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FTCA claims against the United States under 28 U.S.C. §1346(b).

6. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §1391(b), as the events giving rise to Plaintiff's FTCA claims occurred within the Middle District.

## FACTS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION

7. On or about October 19, 2022, Michael M. Brown was driving a 2020 Nissan Leaf traveling northbound on I-65 in Davidson County, Nashville, Tennessee near mile marker 73.80.

8. On the date of the accident, Mr. Brown's 2020 Nissan Leaf was insured through a policy issued by GEICO.

9. On or about October 19, 2022, Sofia Teresa Mendez-Smith (hereinafter "Ms. Mendez") was driving a 2018 Dodge Ram 1500 truck (VIN 1C6RR6KG2JS283296) northbound on I-65 in Davidson County, Nashville, Tennessee near mile marker 73.80.

10. CNCS was the owner of the 2018 Dodge Ram 1500 truck driven by Ms. Mendez.

11. Ms. Mendez was driving the 2018 Dodge Ram 1500 truck with the express or implied knowledge and consent of CNCS.

12. At all times relevant to this accident, Ms. Mendez was an employee of CNCS acting within the court and scope of her employment.

13. In the alternative, at all times relevant to this accident, Ms. Mendez was an agent of CNCS acting within the court and scope of her agency.

14. Just prior to the accident, Mr. Brown slowed his vehicle in response to traffic conditions ahead of him.

15. Ms. Mendez did not see Mr. Brown's vehicle slowing down and rear-ended his vehicle.

16. Mr. Brown's vehicle sustained property damage because of the rear-end collision caused by Ms. Mendez.

17. As a result of this accident, GEICO paid $3,105.72 to repair Mr. Brown's vehicle. GEICO also paid $910.00 in rental car expenses incurred during the repair process. Mr. Brown also paid a $250.00 deductible.

18. The total amount of personal property damage sustained by Plaintiff in this accident is $4,265.72.

19. Pursuant to 28 U.S.C. §2675, Plaintiff's property damage claims were presented to CNCS on October 9, 2024.

20. CNCS failed to respond to these claims and, thus, on April 9, 2025, the claims were deemed denied by operation of law.

## FIRST CAUSE OF ACTION – NEGLIGENCE
**(Against Defendant, United States of America)**

21. Plaintiff realleges the allegations of paragraphs 1-20 as if fully set forth herein.

22. At all times relevant to the accident, Ms. Mendez had a duty to operate her vehicle with due care.

23. Ms. Mendez breached her duty to operate her vehicle with due care and was negligent in numerous respects including, but not limited to, the following:

a. Ms. Medez failed to pay proper attention to the road and/or traffic conditions around her.

b. Ms. Mendez failed to maintain a proper lookout.

c. Ms. Mendez failed to keep the vehicle she was driving under proper control.

d. Ms. Mendez was distracted or otherwise failed to observe what was there to be seen.

e. Ms. Mendez failed to use reasonable and due care in the operation of her vehicle which an ordinary, prudent, and careful driver would have used under similar circumstances.

24. Ms. Mendez breached her duty and was negligent *per se* by violating Tenn. Code Ann. § 55-8-136 for failing to maintain a safe lookout, failing to keep her vehicle under proper control, failing to observe what was there to be seen, and failing to avoid colliding with the rear end of Plaintiff's vehicle.

25. Plaintiff's property damage described herein was the direct and proximate result of the collision caused by Ms. Mendez.

26. As a direct and proximate result of the negligence of Ms. Mendez, Plaintiff incurred personal property damage in the amount of $4,265.72.

**WHEREFORE**, premises considered, Plaintiff prays for the following:

A. That proper service and issue be served upon Defendant, and that it be required to answer this Complaint within time allotted by law;

B. That Plaintiff recover compensatory damages for personal property damage in the amount of $4,265.72;

C. That Plaintiff be awarded court costs and litigation expenses as a result of Defendant's negligence, which caused this collision;

D. That Plaintiff be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Logan Burnette*

_____
Logan W. Burnette, Esq.
Law Office of Paul L. Burson
7003 Chadwick Drive, Suite 155
Brentwood, Tennessee 37027
615-370-9871
LBurnette@geico.com
*Attorney for Plaintiff GEICO Secure Insurance Company a/s/o Michael M. Brown*